```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

A. HEATH ABSHURE, ARKANSAS
SECURITIES COMMISSIONER                              PLAINTIFF

   v.   Civil No. 12-5020

NICK LYNN TECHNOLOGIES, INC.;
LENDELL EARL HILLHOUSE, SR.;
and JAMES ROBIN PACE                                DEFENDANTS

  and

NICK LYNN TECHNOLOGIES, INC.,
and LENDELL EARL HILLHOUSE, SR.        THIRD PARTY PLAINTIFFS/
                                            COUNTERCLAIMANTS

   v.

A. HEATH ABSHURE, ARKANSAS
SECURITIES COMMISSIONER;
THEODORE HOLDER, SENIOR STAFF
ATTORNEY; JIM LUNSFORD, AGENT,
U.S. DEPARTMENT OF TREASURY; and
UNITED STATES DEPARTMENT OF
TREASURY                              THIRD PARTY DEFENDANTS/
                                           COUNTERDEFENDANTS

**O R D E R**

Now on this 17th day of May, 2012, comes on for consideration plaintiff's **Motion To Remand** (document #8), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  Plaintiff A. Heath Abshure, Arkansas Securities Commissioner ("Abshure") initiated this suit by filing a Complaint in the Circuit Court of Benton County, Arkansas, on April 17, 2008. The Complaint, brought under the authority given Abshure in **A.C.A. § 23-42-209,** alleged various violations of **A.C.A. § 23-42-**

**501** (prohibiting the sale of unregistered nonexempt securities) and **§ 23-42-507** (prohibiting securities fraud). The relief sought includes an injunction against future violations of the Arkansas Securities Act; an accounting; disgorgement of investor monies and any profits; and a fine.

2. Hillhouse answered the Complaint on May 30, 2008. He denied that he sold securities in NLT, conceded Abshure's authority under **A.C.A. § 23-42-209**, and asserted as an affirmative defense that he had at all relevant times acted in his official capacity as an officer of NLT. This Answer was filed by an attorney on behalf of Hillhouse, but not on behalf of NLT.

3. The record does not reflect much of what transpired in state court over the next three years, but it does show that on February 6, 2012, Hillhouse filed an Amended Answer, Affirmative Defense Counter Claim And Third Party Claim ("Amended Answer"), on behalf of himself and purportedly on behalf of NLT. That document names as additional parties Theodore Holder, Assistant Securities Commissioner ("Holder"); Jim Lundsford, Agent, U.S. Department of Treasury; and the U.S. Department of Treasury. The Amended Answer was filed by Hillhouse, who is not a licensed attorney.

4. Also on February 6, 2012, Hillhouse filed a Notice Of Removal, on behalf of himself and purportedly on behalf of NLT. The Notice Of Removal states that removal is made pursuant to **28 U.S.C. §§ 1441, 1442,** and **1443,** and asserts the following:

* that this Court has original jurisdiction over federal claims asserted by Hillhouse and NLT pursuant to the Securities Exchange Act of 1934;

* that this Court has exclusive jurisdiction over federal securities law defenses they are asserting;

* that one of the third-party defendants is the U.S. Treasury and the other was at all relevant times an employee of the U.S. Treasury; and

* that they filed their "Securities" (the quotation marks are Hillhouse's) with the SEC pursuant to federal law, thereby depriving the State of Arkansas of jurisdiction over them.

5. The Court will treat both the Amended Answer and the Notice Of Removal as having been filed solely by Hillhouse, because NLT, as a corporation, can appear in federal court only through a licensed attorney, **Rowland v. California Men's Colony, 506 U.S. 194 (1993)**, and Hillhouse is not a licensed attorney.

6. The Court will not, as Hillhouse requests, strike the Motion To Remand or any of the related briefs filed by Holder. Hillhouse contends that because Holder is named as a defendant in the Amended Answer, he can no longer participate in the case on behalf of Abshure, citing **Arkansas Rule of Professional Conduct 3.7.** That Rule provides that a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," but does not void the pre-trial motion and briefs here

under consideration.

    7.    The *sine qua non* of removability is that the United States court to which a case is removed must have original jurisdiction.[1]  **28 U.S.C. § 1441(a)**.  Even where original jurisdiction exists, however, proper procedures for removal must be followed.

    Removal procedures are governed by **28 U.S.C. § 1446**, which provides, in part, that a notice of removal is timely if filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Given that Hillhouse filed his initial Answer on May 30, 2008, there is no doubt that more than 30 days have passed since he received the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.  His Notice Of Removal is, therefore, untimely.

    8.    Hillhouse contends that his Amended Answer supplies a basis for removal, but this claim is without merit.  Federal jurisdiction cannot be predicated upon a defense or a counterclaim -- even a compulsory counterclaim -- but only on the plaintiff's complaint.  **<u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009)**.

---

[1] Such jurisdiction can arise on the basis of diversity, or the existence of a federal question.  In the case at bar, there is no contention that diversity of citizenship exists, all arguments being directed at the existence *vel non* of a federal question.

9. Hillhouse also contends that the doctrine of complete preemption allows removal. This doctrine is a narrow exception to the well-pleaded complaint rule, which applies when a federal statute wholly displaces, or preempts, a state-law cause of action. *Id.*

Like his other arguments, this one is unavailing. As explained in **Wright & Miller**, <u>**Federal Practice and Procedure, Jurisdiction and Related Matters**</u>, § 3722.2,

> if a plaintiff files suit in state court, ostensibly upon a state law cause of action, and the defendant removes the case on the basis of complete preemption, the federal district court that is persuaded that plaintiff's claim is completely preempted will recharacterize the plaintiff's cause of action as a federal claim for relief, making the removal proper on the basis of federal question jurisdiction.

Such a claim will, however, appear on the face of the well-pleaded complaint. Thus, even if there is complete preemption of Abshure's claims, removal on that basis is not timely.

10. The fact that one of the third-party defendants named by Hillhouse is the U.S. Treasury and the other was at all relevant times an employee of the U.S. Treasury is not a basis for Hillhouse to remove this case. The applicable statute, **28 U.S.C. § 1442**, provides that a civil action commenced in State court against officers or agents of the federal government "may be removed by them." It does not allow the party asserting those claims to remove.

11. Hillhouse also contends that he has a "right of removal" pursuant to **28 U.S.C. § 1443**. That section is not applicable, pertaining as it does specifically to federal equal civil rights claims. Moreover, even if it were applicable, removal based on it would still be governed by the procedural requirements of **§ 1446**, including the thirty-day time limit which Hillhouse missed.

12. As the party seeking removal and opposing remand, Hillhouse has the burden of establishing a basis for federal jurisdiction. **<u>Central Iowa Power Co-op v. Midwest Independent Transmission System Operator, Inc.</u>, 561 F.3d 904, 912 (8th Cir. 2009)**. He has failed to carry this burden. Removal based on the Complaint is untimely, and removal cannot be predicated on the other asserted bases. For this reason, the Court finds that it has no jurisdiction over this matter. The Motion To Remand will be granted, and the Court will not address the various other issues raised by Hillhouse.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Remand** (document #8) is **granted**, and this matter is **remanded** to the Circuit Court of Benton County, Arkansas.

**IT IS SO ORDERED.**

                                                 /a/ Jimm Larry Hendren
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**